UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DOMINICK JONES,

    Petitioner,

v.                                           CAUSE NO. 3:21-CV-739 DRL-MGG

SHERIFF,

    Respondent.

## OPINION AND ORDER

Dominick Jones, a prisoner without a lawyer, filed a "complaint" asserting various claims related to criminal proceedings in the Elkhart Superior Court (Case No. 20D03-2001-F1-3). Mr. Jones doesn't describe what relief he seeks; but, given the nature of his claims and his address of record at the Elkhart County Corrections Center, the court construes this complaint as a petition seeking a writ of habeas corpus to secure his release from custody. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before granting habeas relief, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the court of appeals has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on

> direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* A fair reading of the petition suggests that the criminal proceedings in the Elkhart Superior Court remain pending, and review of the electronic docket for the state courts confirms that Mr. Jones has not presented his claims to the state appellate courts.[1] Therefore, he has not exhausted state court remedies with respect to his claims. Until he does so, he cannot obtain federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed without prejudice. Further, because the criminal proceedings with the Elkhart Superior Court remain pending, the one-year limitations period has not yet begun to run, and it is not necessary to stay this case. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006); 28 U.S.C. § 2254(d)(1).

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling.

---

[1] In accordance with Fed. R. Evid. 201, the court takes judicial notice of the criminal proceedings in the Elkhart Superior Court and the Indiana appellate courts, electronically available at https://public.courts.in.gov/mycase/.

Therefore, there is no basis for encouraging Mr. Jones to proceed further in federal court until he has exhausted his claims in state court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Dominick Jones a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

October 5, 2021  *s/ Damon R. Leichty*
Judge, United States District Court